Woodruff, J.
—The general rule is that amendments should be either written on the case served, or on a separate paper containing a distinct reference to the page and line of the original case proposed to be amended. It is also usual to require the attorney, before submitting the case and amendments for settlement, to mark on the original case, in some distinct manner, each place and passage at which amendments are proposed to be made. In order to this, the Court Rules require that, in preparing cases, the lines of the case proposed shall be numbered so that each copy shall correspond. (Court Rules, No. 34; Milward v. Hallett, Coleman & Caines’ Cases, 261; Graham’s Pr. Tit. “Cases.”) lf
When the review sought requires that all the material testimony be inserted, and that testimony is voluminous, the labor of settling a case to which numerous amendments are proposed is very great, and the Judge or referee is entitled to all the aid which counsel can give, by arranging the papers, so as easiest to present to his eye the precise.difference between the parties.
In general the proposed substitution of a new case will greatly embarrass the settlement, unless the Judge has the assistance of two persons in comparing, at the same time, the case and the substitute, and referring to his own minutes. And where neither the proposed case nor the substitute agree with such minutes in all things, and one in many particulars best conforms thereto, while the other in other particulars is most accurate, the Judge, instead of marking the amendments “allowed” or “disallowed,” will be compelled to enter into numerous and prolix details in the act of settlement, specifying,—with as much or perhaps even *659 more labor than if he were himself proposing amendments,—the allowances and disallowances he makes.
No doubt, it would be, in most cases, a saving of labor to counsel, proposing to amend, if permitted to copy or direct a scrivener to copy his own minutes of trial, in bulk, and propose such copy as a substitute, and so devolve upon the Judge the labor of comparison, in detail. This should not be sanctioned. The duty of the amending party is to .specify, in detail, each amendment he proposes, and to do it in a manner which will facilitate the examination and settlement.
This rule does not however require that every word or every line should be made the subject of a separate amendment. It is no uncommon thing for counsel to find an entire paragraph so incorrectly stated that to amend it otherwise than by striking it all out and substituting another, would be impossible. And in such case whether the amendment is done by striking all of it out in one amendment or by striking out each line separately, (thus proposing as many amendments as there are lines,) would not affect the result, and the former would be the most convenient mode. The rule however should be sparingly relaxed, and where successive paragraphs are of the description last named they should be separately amended, otherwise the same inconveniences would arise as have already been mentioned.
On the other hand there may be sometimes instances of clear exception to the rule, in which cases the Court would relieve a party from compliance therewith. A case may possibly arise in which a proposed substituted case is so accurate and the proposed case is so inaccurate, or vice versa, that the settlement may be made by the Judge by a simple allowance or disallowance of the whole amendment. Then of course it would be far less trouble to the Judge and to the parties to have the substitute proposed as one amendment. This will very rarely if ever, happen. And yet there may be cases in which the case proposed is so inaccurate that any attempt to amend it will amount in substance to proposing an entire change; and then it is of no benefit to the parties or the Judge, but the contrary, to have the proposed change presented in the form of as many amendments as there are lines or even paragraphs in the case; a number which in a *660 case so voluminous as that now before me, might require many hundred changes.
Exceptions to the rule may therefore exist. And upon showing clearly that the convenience of the parties'and of the Judge will be greatly promoted, leave would be given to propose a substituted case. But to entitle a party to this leave he should show that it is not possible to amend the case without proposing amendments in detail which would in substance amount to a new case, or would render the comparison and settlement more prolix and tedious than if such entire substitute were received.
It is not stated on this motion that there is any difficulty in specifying all the amendments in matters of substance in detail. On a cursory examination of the case and proposed substitute there are whole pages which do not appear to be materially different. To a large extent the language is identical. It is true that if every alteration of language, which the substitute proposes, should be made the subject of a specific amendment •the amendments will be very numerous, but I am confident that if counsel look only to the substance of the testimony and not to the mere form of words there will be no difficulty in proposing the amendments so that the settlement of the case will not be unusually burdensome.
As it is not apparent that the amendment was not proposed in the form of a substitute, in good faith, the order will be that it be set aside with leave to the plaintiff to propose amendments in proper detail within twenty days, and that the costs of the motion, $10, be allowed to the defendant as costs in the cause if he recover costs therein.
Ordered accordingly.